**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KENYA SIBLEY,

      Plaintiff,

      v.

WARNER D. MENDENHALL,
Esquire, LOGAN TROMBLEY,
Esquire, and MENDENHALL LAW GROUP,

      Defendants.

Case No. 1:24-CV-07060

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenya Sibley sues Defendants Warner D. Mendenhall, Esquire, Logan Trombley, Esquire, and Mendenhall Law Group, (collectively, "Defendants"), alleging legal malpractice and breach of fiduciary duty for their negligent actions and omissions that she claims resulted in the dismissal of her claims as a relator under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the failed prosecution of her employment discrimination and retaliation claims. [1] at 1–2. Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [16]. For the reasons explained below, this Court grants in part, and denies in part, Defendants' motion.

## I.    Complaint Allegations[1]

Plaintiff worked for Medical Business Office Corporation ("MBO") and Trustmark Recovery Services, Inc. ("Trustmark"). [1] ¶13. These jointly owned

---

[1] The Court takes the following facts from Plaintiff's Complaint [1] and from the docket of the underlying case in this action, Ct. Docket, *United States ex rel. Sibley v. University of Chicago*

1

companies provided medical billing and debt recovery services for medical care providers who sought reimbursement from the United States through Medicaid and Medicare programs. *Id.* In 2017, Plaintiff and two coworkers (collectively, "relators"), through their first attorneys (Potter Bolanos LLC), filed the original complaint in the underlying case in this action, *United States ex rel. Sibley v. University of Chicago Medicine*, No. 17-cv-4457 (N.D. Ill. June 13, 2017) [hereinafter, the "Underlying Case"]. Compl., *United States ex rel. Sibley v. Trustmark Recovery Servs., Inc.*, No. 17-cv-4457 (N.D. Ill. June 13, 2017).

On January 21, 2020, the relators entered into a legal representation agreement with Defendants to pursue their False Claims Act ("FCA"), employment retaliation, and employment discrimination claims against specified defendants. [1] ¶ 14, Ex. B. The agreement between the parties contained the following provisions:

> The undersigned ("Clients") request the legal services of The Law Offices of Warner Mendenhall, Inc. ("Attorney") and for representation to assert qui tam, whistleblower retaliation employment, and American Disabilities Act employment claims against Medical Billing Office, Inc., Trustmark Recovery Services, University of Chicago, and other defendants named in Case No. 1:17 CV 4457 at the Northern District of Illinois. . . .
>
> Clients are responsible for all expenses incurred in the prosecution of the claim including but not limited to expert fees, travel expenses, deposition costs, Court fees, and Court imposed discovery cost sharing arrangements. Clients agree to provide estimated expenses upfront as requested by Attorneys from time to time as needed. Clients give permission to Attorney to advance the payment of other costs and expenses, but Clients acknowledge they **remain responsible** for

---

*Medicine,* No. 17-cv-4457, (N.D. Ill. June 13, 2017), of which this Court can take judicial notice. *See United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); *see also Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (explaining that district courts can take judicial notice of public court documents when considering a motion to dismiss).

> payment of said costs and expenses and agrees to reimburse Attorney
> for any such costs and expense for which Attorney advances payment.

*Id.* Ex. B at 2 (emphasis in original).

On March 3, 2020, Defendants, upon behalf of the relators, filed the first amended complaint in the Underlying Case alleging violations of the FCA against MBO, Trustmark, and University of Chicago Medical Center ("UCMC"). First Am. Compl. ¶¶ 80–89, *United States ex rel. Sibley v. University of Chicago Medicine*, No. 17-cv-4457 (N.D. Ill. Mar. 3, 2020). The first amended complaint also contained Plaintiff's employment discrimination and retaliation claims. *Id.* ¶¶ 90–94, 105–09.

On September 14, 2020, the District Court in the Underlying Case dismissed relators first amended complaint without prejudice. *United States ex rel. Sibley v. University of Chicago Medical Center*, 486 F.Supp.3d 1210, 1225 (N.D. Ill. 2020). As to Plaintiff's employment discrimination claim under the Americans with Disabilities Act, ("ADA"), the District Court held that the "ADA does not cover the type of leave Sibley ultimately required." *Id.* at 1224.

On October 14, 2020, Defendants filed the second amended complaint upon behalf of the relators, which included, among other things, Plaintiff's employment retaliation claim against MBO and Trustmark. Second Am. Compl. ¶¶ 98–117, *United States ex rel. Sibley v. University of Chicago Medicine*, No. 17-cv-4457 (N.D. Ill. Oct. 14, 2020). On August 2, 2021, the District Court dismissed the second amended complaint with prejudice, excepting the FCA claims against MBO, Trustmark, and UCMC, which the court dismissed without prejudice as to the United States. *United States ex rel. Sibley v. University of Chicago Medical Center*, No. 17-

3

cv-4457, 2021 WL 3290964, at *8 (N.D. Ill. Aug. 2, 2021), *aff'd in part, rev'd in part and remanded*, 44 F.4th 646 (7th Cir. 2022).

On August 11, 2022, the Seventh Circuit, on appeal, reversed and remanded the relators' FCA claim against Defendant Trustmark and Plaintiff's employment retaliation claim against MBO and Trustmark. *United States ex rel. Sibley v. University of Chicago Medical Center*, 44 F.4th 646, 665 (7th Cir. 2022).

On April 7, 2025, the District Court entered Default Judgment in favor of Plaintiff upon her FCA claim against Trustmark and her employment retaliation claim against MBO and Trustmark. Judgment, *United States ex rel. Sibley v. Trustmark Recovery Servs., Inc.*, No. 17-cv-4457 (N.D. Ill. Apr. 7, 2025).

On August 11, 2024, before the court entered default judgment, Plaintiff filed this lawsuit alleging that Defendants mishandled the Underlying Case and limited her recovery from either a judgment or settlement in her favor. [1] ¶¶ 24–26. Plaintiff claims Defendants acted negligently in the following ways:

- pleading "inaccurate, incomplete, and materially false and misleading statements" in the original complaint and refusing to include in the first amended complaint "accurate and dispositive evidence" Plaintiff provided, despite her instructions, *id.* ¶ 23(a);

- failing to plead a false claim against certain entities and individuals despite being provided supporting evidence and being instructed to by Plaintiff, *id.* ¶ 23(b);

- missing the statute of limitations for Plaintiff's employment discrimination and retaliation claims while Plaintiff had a right to sue letter from the EEOC against MBO, *id.* ¶ 23(c);

- unethically "engaging in an actual conflict of interest" among relators in the Underlying Case when relators' legal positions became adverse, *id.* ¶ 23(d);

4

- failing to disclose and unilaterally rejecting a $10 million settlement offer from UCMC without Plaintiff's informed consent, *id.* ¶ 23(e);

- unilaterally and without Plaintiff's consent, and against Plaintiff's instruction, removing certain defendants from Plaintiff's first and second amended complaints and from the Seventh Circuit appellate briefing, "thereby precluding recovery from those solvent" FCA defendants, *id.* ¶ 23(f);

- failing to "include, cite, argue, or rely upon the facts and evidence" from an expert report or include those facts in the first or second amended complaints or appellate briefing, despite Plaintiff's instructions, *id.* ¶ 23(g);

- refusing to repay expenses used to pay for the expert report, hotels, gas, travel, and other case related costs, despite informing Plaintiff in writing that they would repay the litigation financing loan, *id.* ¶ 23(i);

- failing to submit evidence as exhibits to the second amended complaint and appellate briefing against certain defendants in the Underlying Case despite being asked to do so by Plaintiff and the district court judge in the Underlying Case, *id.* ¶ 23(j);

- failing to provide Plaintiff with their "time spent on the case, fees, costs, final billing invoice, malpractice insurance carrier's name and policy number" after Defendants admitted to malpractice and informed Plaintiff they had malpractice insurance, in an attempt keep this evidence from Plaintiff "until the applicable statute of limitations for legal malpractice expired," *id.* ¶ 23(k);

- failing to "proceed with diligence in prosecuting the remaining Defendants" in the Underlying Case by "not taking depositions, not subpoenaing redacted and/or un-redacted bank records, business & personal bank statements from 2017–2022, not subpoenaing tax records from 2017–2022, idly and passively allowing" the owner of MBO and Trustmark to sell the MBO and Trustmark building, land, and assets, deplete their bank accounts, and move assets offshore, *id.* ¶ 23(m);

- failing to "respond to and pay for CMS/HHS Freedom of Information Act . . . records that would have further validated" Plaintiff's fraud claims, *id.* ¶ 23(n); and

- failing to follow up with the Indiana Attorney General to "diligently pursue and secure compensation due to Sibley as a whistleblower relator" in a separate FCA action in Indiana, *id.* ¶ 23(p).

5

Plaintiff's Complaint incorporates those alleged negligent acts and omissions to support both her legal malpractice and breach of fiduciary duty claims. *Id.* ¶¶ 27–36, 37–57.

On December 13, 2024, Defendants moved to dismiss Plaintiff's complaint under Rule 12(b)(6) upon the grounds that both Plaintiff's claims for legal malpractice and breach of fiduciary duty fail to state a claim upon which relief can be granted. [16].

## II.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so that the defendant has "fair notice" of the claim "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint must contain "sufficient factual matter" to state a facially plausible claim to relief, allowing a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard "asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*

In evaluating a complaint under Rule 12(b)(6), a court accepts all well-pled allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Bost v. Ill. State Bd. of Elections*, 114 F.4th 634, 639 (7th Cir. 2024) (citing *Iqbal*, 556 U.S. at 678).  But a court does not accept a complaint's legal conclusions as true.

6

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). While a complaint does not need detailed factual allegations to survive a motion to dismiss, she still must provide more than naked assertions devoid of further factual enhancement, *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) or "a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate," *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

## III.    Analysis

### A.    Legal Malpractice

Plaintiff alleges that Defendants committed legal malpractice through various negligent acts and omissions while handling the Underlying Case. *See* [1] ¶¶ 23, 27–36. Illinois law governs the substantive issues in the cause of action because the parties have analyzed the complaint under Illinois law. *Hoagland ex rel. Midwest Transit, Inc. v. Sangberg, Phoenix, & von Gontard, P.C.*, 385 F.3d 737, 743 (7th Cir. 2004). To plead a viable cause of action for legal malpractice in Illinois, a plaintiff must allege facts which establish: "(1) the existence of an attorney client relationship which establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that 'but for' the attorneys negligence, the plaintiff would have prevailed in the underlying action; and (4) damages." *Ignarski v. Norbut*, 648 N.E.2d 285, 288 (Ill. App. Ct. 1995).

As will be discussed below, Plaintiff's complaint stops short of plausibly alleging causation and damages.

### 1. Litigation Conduct

Illinois courts describe a legal malpractice cause of action as following a case-within-a-case model, meaning that no malpractice exists unless an attorney's negligence resulted in the loss of a cause of action in the underlying case. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016) (citing *Nelson v. Quarles & Brady, LLP*, 997 N.E.2d 872, 880 (Ill. App. Ct. 2013)). Therefore, the plaintiff must plausibly plead not only that the attorney's negligence breached a duty, but also that absent that breach, plaintiff would have been successful in prosecuting a cause of action in the underlying case. *Id.* (citing *Fabricare Equip. Credit Corp. v. Bell, Boyd & Lloyd*, 767 N.E.2d 470, 474 (Ill. App. Ct. 2002)); *see also Mihailovich v. Laatsch*, 359 F.3d 892, 904–05 (7th Cir. 2004) ("These elements effectively demand that the malpractice plaintiff present two cases, one showing that her attorney performed negligently, and a second or predicate 'case within a case' showing that she had a meritorious claim that she lost due to her attorney's negligence.").

Conclusory statements, absent factual support for how an attorney's negligence affected the outcome of a claim in the underlying case, do not satisfy the proximate cause element. *West Bend*, 844 F.3d at 679. For example, in *West Bend*, the plaintiff, West Bend Mutual Insurance Co., sued its former attorney, Paul Schumacher, for legal malpractice, alleging negligence in failing to adequately prepare for a hearing, inappropriately revealing the defense theory to opposing counsel, and, without authorization, conceding liability. *Id.* at 677. While the plaintiff's complaint described its attorney's alleged misconduct in some detail, the

complaint only summarily addressed the underlying case by simply stating that he lost defenses that would have limited liability and that the plaintiff had to accept a disadvantageous position. *Id.* The court dismissed the claim, finding those statements insufficient to plead proximate cause, i.e. that the plaintiff would have attained a better outcome in the underlying case *but for* the attorney's negligence. *Id.* at 677–79.

Nothing in Plaintiff's complaint alleges how, but for the alleged negligence, she would have been successful or otherwise meritorious in her underlying case. Plaintiff simply fails to properly address the Underlying Case in her complaint and relies instead upon conclusory statements about proximate cause. *E.g.,* [1] ¶¶ 21, 24, 25. As in *West Bend*, Plaintiff's threadbare, conclusory statements do not satisfy the proximate cause element. Since Plaintiff cannot plead the proximate cause element of a legal malpractice claim, the Court grants Defendants' motion to dismiss any cause of action related to the above allegations concerning Defendants' litigation conduct.[2]

---

[2] A failure to properly allege proximate cause is not the only deficiency in the complaint. *See also,* [1] ¶ 23(a) (Plaintiff imputes misconduct to Defendants for the original complaint which Defendants did not draft); ¶ 23(d) (Conclusory statement without factual allegations that Defendants engaged in a conflict of interest). Plaintiff complains multiple times that Defendants made certain litigation strategy decisions despite her advisements to the contrary. *See id.* ¶ 23(b), (f), (g), (j), (m), (n). Typically, decisions of how to strategically conduct a litigation lie with the legal representation. *See generally Nelson v. Quarles & Brady, LLP*, 997 N.E.2d 872, 883–84 (Ill. App. Ct. 2013); *see McKnight v. Dean*, 270 F.3d 513, 518 (7th Cir. 2001). An attorney would be liable under legal malpractice not for errors in judgment but rather for failing to exercise a reasonable degree of care and skill. *Nelson*, 997 N.E.2d at 881 (citing *Smiley v. Manchester Ins. & Indem., Co.*, 375 N.E.2d 118 (Ill. 1978). This doctrine of judgmental immunity allows an attorney freedom from liability when they make their strategic decisions, in good faith, based upon informed decisions. *Id.* at 883 (citing *Biomet Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 666 (D.C. 2009).

### 2. Statute of Limitations

As to the employment discrimination and retaliation claims, [1] ¶ 23(c), Plaintiff alleges that Defendants missed the statute of limitations, but the docket in the Underlying Case belies that assertion.

The first amended complaint in the Underlying Case contained Plaintiff's ADA employment discrimination and retaliation claims against MBO and Trustmark. First Am. Compl. ¶¶ 90–94, 105–09, *United States ex rel. Sibley v. Trustmark Recovery Servs., Inc.*, No. 17-cv-4457 (N.D. Ill. Mar. 03, 2020). The District Court dismissed Plaintiff's ADA discrimination claim because the "ADA does not cover the type of leave that Sibley ultimately required," *United States ex rel. Sibley v. University of Chicago Medical Center*, 486 F. Supp. 3d at 1224, not based upon Defendants missing the statute of limitations. Because the court dismissed the claim for reasons unrelated to the statute of limitations this cannot support Plaintiff's cause of action because supposedly missing statute of limitations cannot be said to have caused her any damages.

Similarly, Plaintiff's first and second amended complaints in the Underlying Case contained her retaliation claim against MBO and Trustmark. First Am. Compl. ¶¶ 90–94, *United States ex rel. Sibley v. Trustmark Recovery Servs., Inc.*, No. 17-cv-4457 (N.D. Ill. March 3, 2020); Second Am. Compl. ¶¶ 113–17, *United States ex rel. Sibley v. Trustmark Recovery Servs., Inc.*, No. 17-cv-4457 (N.D. Ill. Oct. 14, 2020). After the District Court dismissed the second amended complaint, *United States ex rel. Sibley v. University of Chicago Medical Center*, 2021 WL 3290964, at *8, the

Seventh Circuit reversed and remanded the retaliation claim. *United States ex rel. Sibley v. University of Chicago Medical Center*, 44 F.4th at 665. Plaintiff, in her complaint, alleges that she did not receive a settlement or judgment in her favor because of Defendants' negligence, *see* [1] ¶ 25. Subsequently, the District Court entered Default Judgment for Plaintiff upon her retaliation claim. Judgment, *United States ex rel. Sibley v. Trustmark Recovery Servs., Inc.*, No. 17-cv-4457, (N.D. Ill. Apr. 7, 2025).

Since Plaintiff pled her retaliation claim in the first and second amended complaints and she ultimately received a judgment in her favor, she has no valid cause of action relating to the statute of limitations.

### 3. Recovery in Indiana & Litigation Financing Loan

Plaintiff alleges that Defendants negligently failed to pursue and secure compensation owed to her from the Indiana Attorney General as a whistleblower relator in a separate FCA cause of action in Indiana. [1] ¶ 23(p). Plaintiff also alleges that Defendants refused to repay her litigation financing loan for expenses such as an expert report, hotels, gas, travel, and other case-related costs, despite informing Plaintiff in writing that that they would repay the loan. [1] ¶ 23(i). For both of these assertions, the Contingent Fee Agreement is relevant.

Courts may consider exhibits attached to the complaint when deciding a Rule 12(b)(6) motion to dismiss. *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006). Where an exhibit and factual allegations in the complaint incontrovertibly conflict, the exhibit typically controls. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir.

11

2013); *see also N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

Exhibit B to Plaintiff's Complaint contains the Contingent Fee Agreement between Plaintiff and Defendants. The agreement states:

> The undersigned ("Clients") request the legal services of The Law Offices of Warner Mendenhall, Inc. ("Attorney") and for representation to assert qui tam, whistleblower retaliation employment, and American Disabilities Act employment claims against Medical Billing Office, Inc., Trustmark Recovery Services, University of Chicago, and other defendants named in Case No. 1:17 CV 4457 at the Northern District of Illinois.

[1] Ex. B at 2.

First, there exists nothing in the agreement between Plaintiff and Defendants to suggest that Defendants owed Plaintiff a duty to secure or pursue compensation from a separate FCA claim in Indiana. Indeed, the agreement between the parties limits the scope of Defendants' duties to Plaintiff to specific claims against specified defendants in the Underlying Case. *Id.*

Moreover, Plaintiff alleges no additional facts in her complaint establishing an expanded attorney-client relationship with Defendants. Because Plaintiff gives no factual allegations supporting Defendants' undertaking of additional representation for Plaintiff, and because the Contingent Fee Agreement confirms Defendants only agreed to represent her in the Underlying case, Plaintiff fails to establish that Defendants owed her a duty to secure her compensation from a separate FCA claim

12

in Indiana. Thus, Plaintiff cannot establish a breach of duty, and this allegation cannot support Plaintiff's cause of action.

Second, the Contingent Fee Agreement between the parties contradicts Plaintiff's allegation that Defendants owed her a duty to repay her litigation financing loan. *Id.* The agreement also states:

> Clients are responsible for all expenses incurred in the prosecution of the claim including but not limited to expert fees, travel expenses, deposition costs, Court fees, and Court imposed discovery cost sharing arrangements. Clients agree to provide estimated expenses upfront as requested by Attorneys from time to time as needed. Clients give permission to Attorney to advance the payment of other costs and expenses, but Clients acknowledge they **remain responsible** for payment of said costs and expenses and agrees to reimburse Attorney for any such costs and expense for which Attorney advances payment.

*Id.* (emphasis in original).

This unambiguous language in the agreement places financial responsibility of the litigation financing loan, and associated costs therein, ultimately with the Plaintiff. *Id.* Here, Plaintiff claims that Defendants informed her in writing that they would repay this loan, *Id.* ¶ 23(i), but this assertion directly contradicts the record. Moreover, Plaintiff does not describe this new writing or address why it would supersede the Contingent Fee Agreement attached to her Complaint. Since the Court finds that Contingent Fee Agreement contradicts Plaintiff's allegation that Defendants owed her this duty, the agreement controls. *See Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (citing *Rosenblum v. Travelbybus.com Ltd.*, 299 F.3d 756, 661 (7th Cir. 2002) ("The court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the

13

document and form its own conclusions as to the proper construction and meaning to be given the material.").

In short, this Court agrees with Defendants and finds complaint fails to set forth a viable claim on these issues.

### 4. Billing and Malpractice Insurance Information

Plaintiff alleges that Defendants negligently failed to provide Plaintiff with the time, money, costs, and billing spent for the Underlying Case and their malpractice insurance information. [1] ¶ 23(k). To reiterate, for a legal malpractice claim in Illinois, the Plaintiff must plead and prove that she suffered actual monetary damages, *Bartholomew v. Crockett*, 475 N.E.2d 1035, 1041 (Ill. App. Ct. 1985), and damages must be incurred at the time a plaintiff makes the allegation or else no cause of action for legal malpractice exists. *See Farm Credit Bank*, 554 N.E.2d at 781.

Plaintiff alleges that Defendants' failure to provide her with their billing and malpractice insurance information demonstrates Defendants' attempt to prevent her from bringing a legal malpractice claim within the statute of limitations. [1] ¶ 23(k). Regardless, due to the fact Plaintiff did file the current action against Defendants for legal malpractice, [1] ¶¶ 27–36, she cannot show she suffered any harm.

Since Plaintiff cannot plead the damages element of a legal malpractice claim, this, too, cannot support Plaintiff's cause of action.

### 5. Settlement Offer

Plaintiff alleges that Defendants withheld and subsequently rejected a $10 million settlement offer from UCMC made during a mediation on October 6, 2021,

14

without Plaintiff's consent. [1] ¶ 23(e). Plaintiff claims Robin Potter, her attorney prior to the mediation, disclosed this offer to her during a phone call. *See id.* To support this allegation, Plaintiff attached to the complaint an email she sent to Defendants on December 5, 2022. [1], Ex. H. In the email, Plaintiff writes that Potter told her "they offered $10 million but it was turned down." *Id.*

Defendants move to dismiss this allegation because Plaintiff has not plausibly pled the facts underlying the claim. [17] at 11.[3] Not so.

While a complaint must assert more than naked assertions devoid of further factual enhancement, it need not set out detailed factual allegations. *Iqbal*, 556 U.S. at 678. The plausibility pleading standard "asks for more than a sheer possibility," *id.*, but still it only asks for a claim to be *plausible,* not *probable. Indep. Trust Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *see also Thomas v. Pooh Bah Enters., Inc.,* No. 25-cv-77, 2025 WL 2084159, at *2 n.1 (N.D. Ill. July 24, 2025) (stating "complaints are often rife with hearsay"). In fact, a complaint may proceed even if recovering proof or securing recovery seems "very remote and unlikely." *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

In this case, Plaintiff has adequately alleged a claim upon which relief might be granted. Even though Defendants raise several potential factual deficiencies

---

[3] In their motion, Defendants also invite this Court to find facts, rather than assume the truth of the complaint's allegations. [17] at 11-12 (alleging UCMC's $10 million offer seems incredible). This Court, however, will apply the appropriate standard for a motion to dismiss.

underlying Plaintiff's allegations,[4] such arguments remain inappropriate at this point in the litigation, and the Court denies Defendants' motion to dismiss upon this basis.

### B.      Breach of Fiduciary Duty

Plaintiff incorporates the same alleged negligence and damages from her legal malpractice claim to support her breach of fiduciary duty claim. [1] ¶¶ 27, 37. While a fiduciary duty exists as a matter of law in every attorney-client relationship, this does not mean every legal malpractice claim gives rise to an independent cause of action for breach of fiduciary duty. *Calhoun v. Rane*, 599 N.E.2d 1318, 1321 (Ill. App. Ct. 1992). Under Illinois law, "when a breach of fiduciary duty claim is based upon the same operative facts as a legal malpractice claim, and results in the same injury, the later claim should be dismissed as duplicative." *Hoagland*, 385 F.3d at 744 (quoting *Fabricare*, 767 N.E.2d at 476). A legal malpractice claim cannot be recharacterized as a breach of fiduciary duty to survive dismissal. *See id.*

Here, Plaintiff's breach of fiduciary duty claim mirrors her legal malpractice claim. *Compare* [1] ¶¶ 27, 27–36, *with* [1] ¶¶ 37, 37–57.[5] Given the record, Plaintiff's breach of fiduciary duty claim duplicates the operative facts and damages in her legal

---

[4] Defendants in their reply attempt to introduce new supportive facts in the form of an affidavit by Robin Potter denying she communicated a $10 million settlement offer to Plaintiff. [29] at 4–5; [29-1].

[5] Specifically, she repeats her allegations that, among other things, Defendants failed to include certain defendants, materials, evidence and allegations in the first and second amended complaints, that Defendants failed to repay Plaintiff's litigation financing loan, that Defendants allowed potential defendants in the Underlying Case to sell assets and move them offshore, that Defendants failed to disclose a conflict of interest, that Defendants withheld and rejected a settlement offer, and that Defendants failed to provide Plaintiff with their billing and malpractice insurance information.

malpractice claim; and thus, this Court thus grants Defendants' motion to dismiss this claim. *Nettleton v. Stogsdill*, 899 N.E.2d 1252, 1267–68 (Ill. App. Ct. 2008).

## IV.     Conclusion

For the reasons explained above, the Court grants in part, and denies in part, Defendants' motion to dismiss. [16].

Dated: March 30, 2026                              Entered:

_John Robert Blakey_
John Robert Blakey
United States District Judge

17